# EXHIBIT A

### Judicial decisions finding that Brooklyn prosecutors violated *Brady*, knowingly used false or misleading evidence, or made improper summation arguments

1. *People v. Murphy*, 109 A.D.2d 895 (2d Dep't 1985) (prosecutor failed to timely disclose *Brady* material)

2. *People v. Perez*, 65 N.Y.2d 154 (1985) (prosecutor committed *Rosario* violation by failing to disclose documentation indicating key witness accepted bribe)

3. *People v. Gairy*, 116 A.D.2d 733 (2d Dep't 1986) (prosecutor failed to timely disclose *Brady* material)

4. *People v. Ranghelle*, 69 N.Y.2d 56 (1988) (prosecution failed to obtain and disclose *Rosario* material; conviction reversed)

5. *People v. Lugo*, 153 A.D.2d 761 (2d Dep't 1989) (prosecutor's suppression of *Rosario* material required reversal of conviction)

6. *People v. Cortez*, 149 Misc.2d 886 (Sup. Ct. Kings Cty. 1990) (prosecution "shared responsibility" for police violation of *Brady* by violating court order and intentionally destroying tape containing impeachment material; indictment dismissed)

7. *People v. Nedrick*, 166 A.D.2d 725 (2d Dep't 1990) (failure to disclose tape recorded impeachment material)

8. *People v. Anderson*, 160 A.D.2d 806 (2d Dep't l990) (prosecutor failed to timely disclose impeachment material)

9. *People v. Acevedo*, Ind. Nos. 9292/87 and 1373/87 (during defendant's 1990 trial, prosecutor suppressed that a cooperating witness had confirmed the defendant's duress defense that he had been forced to commit the crime)

10. *People v. Hamilton*, Ind. No. 142/91 (Trial prosecutor falsely presented witness as appearing voluntarily, did not disclose that witness had been arrested in North Carolina, extradited to New York against her will, threatened by the trial judge at a secret proceeding with incarceration if she did not cooperate with the ADA, and then held in "hotel custody" by DA's detective-investigators. Several prosecutors then withheld all of these facts during defendant's post-verdict CPL § 330.30 hearing.)

11. *People v. Ranta*, Ind. No. 8990/90, reported at 203 A.D.2d 307 (2d Dep't 1994) (myriad *Brady* violations and use of false or misleading evidence during defendant's 1991 trial. Appellate Division noted it did not "condone" the *Brady* and *Rosario* violations, but did not reach the merits on the ground of lack of preservation)

12. *People v. Fleming*, 196 A.D.2d 551 (2d Dep't 1993) (during defendant's 1990 murder trial, prosecutor suppressed *Brady* material indicating defendant was in another state when the crime was committed. Exonerated in 2014 upon the motion of DA Ken Thompson.)

13. *Lopez v. Miller*, 915 F. Supp. 2d 373, 431 (E.D.N.Y. 2013) (Garaufis, J.) (finding that the prosecutor, during defendant's 1990 murder trial, was "overzealous and deceitful" and falsely claimed prosecution witness had never been made aware of cooperation agreement)

14. *People v. Brazzeal*, 172 A.D.2d 757 (2d Dep't 1991) (prosecutor gave an improper and prejudicial summation);

15. *People v. Faison*, 176 A.D.2d 752 (2d Dep't 1991) (prosecutor belatedly disclosed witness's prior statement)

16. *People v. Crespo*, 188 A.D.2d 483 (2d Dep't 1992) (mistrial granted due to prosecutor's *Brady* violation)

17. *People v. Brown*, 187 A.D.2d 437 (2d Dep't 1992) (trial court sanctioned prosecutor for *Brady* violation)

18. *People v. Young*, 155 Misc.2d 878 (Sup. Ct. Kings Cty. 1992) (failure to disclose impeachment material required new trial; hearing court condemned prosecution for tailoring testimony)

19. *Walker v. City of New York*, 914 F.2d 293 (2d Cir. 1992) (court upheld *Monell* claim against City of New York for unlawful policies of KCDAO that allegedly resulted in withholding of *Brady* material causing plaintiff's wrongful conviction and 18- year imprisonment)

20. *People v. Giddings*, 2/21/92 NYLJ 25 (col. l) (Sup. Ct, Kings Cty. Feb. 21, 1992) (prosecutor's failure to disclose witness's prior inconsistent statements required conviction to be vacated)

21. *People v. Cecora*, 186 A.D.2d 215 (2d Dep't 1992) (failure to disclose ADA's interview notes with arresting officer containing potential impeachment)

22. *People v. Hughes*, 181 A.D.2d 132 (2d Dep't 1992) (hearing required regarding failure to disclose exculpatory police report)

23. *People v. Inswood*, 180 A.D.2d 649 (2d Dep't 1992) (ADA's failure to turn over *Brady* material was error)

24. *People v. Wagstaffe*, 120 A.D.3d 1361 (2d Dep't 2014) (during 1992-1993 trial, prosecutor suppressed *Brady* material that contradicted detective's testimony at *Wade* hearing)

25. *People v. Jackson*, 198 A.D.2d 301 (2d Dep't 1993), *affirming* 154 Misc.2d 718 (Sup. Ct., Kings Cty. 1992) (prosecutors failed to timely disclose exculpatory statements; conviction reversed)

26. *People v. Stevens*, 199 A.D.2d 441 (2d Dep't 1993) (*Rosario* material "improperly" withheld as well as *Brady* material)

27. *People v. Marshall*, Ind. Nos. 7578/92, 9490/92, 12592/92 (Homicide Bureau Chief Michael Vecchione suppresses his cooperation agreement with star prosecution witness, elicits witness's false testimony, and produces witness to KCDAO on *Damiani* order to negotiate deal with witness and circumvent the witness's lawyer)

28. *People v. Khadaidi*, 201 A.D.2d 585 (2d Dep't 1994) (conviction reversed for prosecution's failure to disclose prosecutor's interview notes with complainant containing a prior inconsistent statement)

29. *People v. Alvarado*, 201 A.D.2d 486 (2d Dep't 1994) (police reports containing impeachment material not disclosed, conviction reversed)

30. *People v. Barnes*, 200 A.D.2d 751 (2d Dep't 1994) (prosecutor did not record and did not disclose eyewitness's recantation)

31. *People v. Bramble*, 207 A.D.2d 407 (2d Dep't 1994) (sanctions upheld for prosecution's failure to preserve police audiotapes notwithstanding defense discovery request)

32. *People v. Roberts*, 203 A.D.2d 600 (2d Dep't 1994) (prosecution delayed one year in disclosing exculpatory witness statement, by which time witness was unavailable;)

33. *People v. Neptune*, 161 Misc.2d 781 (Sup. Ct. Kings Cty.1994) (KCDAO acted unethically by improperly using invalid subpoena to cause a witness to appear for an interview)

34. *People v. Scott*, 216 A.D.2d 592 (2d Dep't 1995) (prosecution suppressed reports, including polygraph results indicating key witness was withholding information)

35. *People v. Ramos*, 166 Misc.2d 515 (Sup. Ct. Kings Cty. 1995) (due to KCDAO policy of not taking of witness interviews, trial assistant not aware that previous assigned prosecutors interviewed complainant and possibly obtained information the court had required the People to disclose to the defense)

36. *People v. Rahman*, 231 A.D.2d 745 (2d Dep't 1996) (matter remitted for hearing concerning prosecution's apparent improper withholding of witness's cooperation agreement)

37. *People v. Perkins*, 221 A.D.2d 572 (2d Dep't 1996) (prosecutor failed to disclose cooperation agreement with witness)

38. *People v. Scott*, 88 N.Y.2d 888 (1996) (prosecution failed to disclose statement regarding polygraph result)

39. *People v. Callendar*, 227 A.D.2d 499 (2d Dep't 1996) (conviction reversed due to ADA's failure to turn over notes of detective's prior statement)

40. *People v. Bruce*, 224 A.D.2d 438 (2d Dep't 1996) (conviction reversed for prosecutor's failure to produce police reports containing impeachment material)

41. *People v. Dupont*, Indictment No. 6287/97 (ADA made misrepresentation during defendant's 1998 trial by claiming KCDAO did not possess physical evidence specifically requested by the defense)

42. *People v. Logan* (convicted in 1997 after prosecutor introduced false evidence by "eyewitness" who was actually in jail at the time of the relevant events. Conviction vacated in 2014 by DA Ken Thompson's Conviction Integrity Unit.)

43. *People v. LaSalle*, 243 A.D.2d 490 (2d Dep't 1997) (conviction reversed due to prosecutor's "blatant misrepresentation of the facts" during summation)

44. *People v. Gourgue*, 239 A.D.2d 357 (2d Dep't 1997) (prosecutor put notes of complainant's statements in the form of questions to "circumvent" disclosure obligation)

45. *People v. Hill*, 244 A.D.2d 572 (2d Dep't 1997) (prosecutor sanctioned for failing to disclose 911 tape)

46. *People v. Gramby*, 251 A.D.3d 346 (2d Dep't 1998) (prosecutor suppressed 911 tape during pre-trial hearing and failed to disclose it before trial)

47. *People v. Green*, 10/19/99 N.Y.L.J. p.30, col. 1 (Sup. Ct. Kings Cty.) (prosecution failed to disclose *Brady* material)

48. *People v. Bond*, 95 N.Y.2d 840 (2000) (myriad *Brady* violations established at CPL § 440.10 hearing, including failure to disclose material witness proceeding concerning principal witness; conviction reversed due to failure of DA to disclose prior unrecorded statements to police by People's main witness that she did not see the shooting about which she testified as an "eyewitness")

49. *People v. Davis*, 709 N.Y.S.2d 345 (Sup. Ct. Kings Cty. 2000) (KCDAO violated court's order to disclose exculpatory evidence to defense before indictment; indictment dismissed)

50. *People v. Campbell*, 269 A.D.2d 460 (2d Dep't 2000) (prosecutor's suppression of *Rosario* material, a tape-recorded statement by the complainant, required reversal of conviction)

51. *People v. Calabria*, 94 N.Y.2d 519 (2000) (prosecutor repeatedly defied court's ruling and made false or misleading argument to jury)

52. *People v. Campos*, 281 A.D.2d 638 (2d Dep't 2001) (prosecutor failed to timely disclose *Brady* material)

53. *Leka v. Portuondo*, 257 F.3d 89 (2d Cir. 2001) (conviction overturned on habeas review due to ADA's suppression of *Brady* material; ADA additionally misled defense counsel regarding a crucial witness)

54. *People v. Maddery*, 282 A.D.2d 761 (2d Dep't 2001) (prosecutor's failure to disclose 911 tape before trial as required by law required reversal of conviction)

55. *Boyette v. LeFevre*, 246 F.3d 78 (2d Cir. 2001) (conviction vacated on habeas review because prosecutors suppressed numerous items of *Brady* material)

56. *People v. Cannon*, 191 Misc.2d 136 (Sup. Ct. Kings Cty. 2002) (police failed to preserve surveillance photographs, conduct for which the prosecution was "accountable")

57. *People v. King*, 298 A.D.2d 530 (2d Dep't 2002) (prosecutor's failure to disclose 911 tape before trial as required by law required conviction to be reversed)

58. *People v. Jenkins*, 98 N.Y.2d 280, 287-88 (2002) (Kaye, C.J., dissenting) (prosecutor's late disclosure of ballistics report "blind sided" the defense and was inexcusable)

59. *People v. Vielman*, 31 A.D.3d 674 (2d Dep't 2006) (reversing conviction because prosecutor's summation rested on a 'false premise" and was a "blatant attempt to mislead the jury")

60. *People v. Jones*, 31 A.D.3d 666 (2d Dep't 2006) (prosecution failed to correct the false testimony of a key witness)

61. *People v. Thompson*, 54 A.D.3d 975 (2d Dep't 2008) (prosecutor suppressed "*Brady* material" indicating that someone other than the defendant committed the crime)

62. *Watson v. Greene*, No. 06 CV 2212, 2009 WL 5172874 (E.D.N.Y. 2009) (Amon, J.) (prosecution disclosed *Brady* material "too late" for the defense to make use of it even though prosecution was aware of material "more than a year in advance of trial"), *reversed on other grounds*, 640 F.3d 501 (2d Cir. 2011)

63. *People v. Malik*, 25 Misc.3d 1214(A) (Sup. Ct. Kings Cty. 2009) (prosecution's suppression of police report and other documents required vacatur of conviction)

64. *People v. Fuentes*, 12 N.Y.3d 259 (2010) (prosecutor improperly withheld one page of notes from medical records of complainant containing potentially favorable evidence for the defense; two judges found the suppression was "deliberate")

65. *People v. Whitehurst*, 70 A.D.3d 1057 (2d Dep't 2010) (prosecutor's summation comment that the defendant did not deserve the jury's sympathy was improper)

66. *People v. Umoja*, 70 A.D.3d 867 (2d Dep't 2010) ("some of the prosecutor's comments in summation were improper")

67. People v. Leach, 90 A.D.3d 1072 (2d Dep't 2011) (some of prosecutor's summation remarks "were improper")

68. *People v. Nelson*, 90 A.D.3d 954 (2d Dep't 2011) ("[P]rosecutor improperly went outside of the four corners of the evidence when, in summation, he made the inflammatory and unsupported remarks")

69. *People v. World*, 89 A.D.3d 966 (2d Dep't 2011) ("some of the prosecutor's comments in summation were improper")

70. *People v. Mohammed*, 81 A.D.3d 983 (2d Dep't 2011) (cumulative effect of the prosecutor's improper summation remarks deprived defendants of a fair trial)

71. *People v. Mattocks*, 100 A.D.3d 930 (2d Dep't 2012) (prosecutor's improper impeachment of her own witness and improper use of the impeachment material during summation, along with other errors, required reversal)

72. *People v. Lebovits*, 94 A.D.3d 1146 (2d Dep't 2012) (prosecutor's summation argument that witness was an accused child molester "had no basis within the record and was improper.")

73. *People v. Rivera*, 91 A.D.3d 972 (2d Dep't 2012) (some of the prosecutor's summation remarks "were improper")

74. *People v. Mehmood*, 112 A.D.3d 850 (2d Dep't 2013) (cumulative effect of prosecutor's improper comments in summation required new trial)

75. *People v. King*, 110 A.D.3d 1005 (2d Dep't 2013) (Hines-Raddix, J., dissenting) ("[P]rosecutor's comments in summation were so inflammatory and prejudicial that they deprived the defendant of a fair trial.")

76. *People v. Thompson*, 111 A.D.3d 56 (2d Dep't 2013) (prosecutor's remarks in summation compounded prejudice from improper admission of opinion testimony)

77. *People v. Ward*, 106 A.D.3d 842 (2d Dep't 2013) (prosecutor made improper statements during summation)

78. *People v. Ross*, 104 A.D.3d 878 (2d Dep't 2013) (prosecutor made improper statements during summation)